IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES B. WRIGHT                                                                                         PETITIONER

V.                                              No.  14-cv-02259

LESLIE RUTLEDGE,
Attorney General of Arkansas                                                                  RESPONDENT

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a Federal prisoner at FCI Marianna, 3625 FCI Road, Marianna, FL  32446, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1).  The Petition was originally filed in the District of Arizona, Tucson Division but was transferred to the Western District of Arkansas, Fort Smith Division on December 10, 2014 (ECF No. 16).  The Petition when filed named the warden of the Federal Prison in Tucson, Louis Winn.  Since the Petitioner is contesting a State of Arkansas conviction but is currently a federal prisoner the proper party is the Attorney General for the State of Arkansas and the court authorized service on the Respondent in February 2015. The Respondent  filed a Motion to Dismiss (ECF No. 29 ) on April 1, 2015.

### I.  Background:

According to his Petition the Petitioner was sentenced July 27, 1994 in CF-94-55 (Sequoyah County, Oklahoma) on the charge of Rape First Degree to 5 years Deferred. (ECF No. 1, p. 18).  On June 22, 2000 his sentence was accelerated and he was sentenced to "(15) fifteen years suspended". (Id., p. 19[1]). In April 2001, as a "condition of release from Federal

---

[1] It appears the action by the State of Oklahoma was precipitated by the Petitioner's conviction and incarceration on Federal firearms charges. (ECF No. 1, p. 19).

Correctional Institution", the Petitioner was compelled to register as a sex offender. (Id., p. 19).

On June 22, 2005, Wright, pleaded guilty to the offense of failure to comply with reporting requirements of the sex and child offender registration act in Sebastian County Circuit Court, Case Number CR-2005-744, and was sentenced to a suspended imposition of sentence for five years. (ECF No. 30-2). On December 6, 2006, Wright pleaded guilty to a second charge of failure-to-register in Sebastian County Circuit Court, Case Number CR-2006-1258, and was sentenced to a term of two years in the Arkansas Department of Correction with an additional suspended imposition of sentence for four years. (ECF No. 30-9, p. 3)[2]. On May 1, 2008 the District Court of Sequoyah County, Oklahoma, issued an order vacating the conviction in CF-94-55. (ECF No. 1, p. 79 and 30-4, ¶ 12).

The Petitioner filed the current Petition in July 2013 contending (1) that the Circuit Court and Supreme Court erred in failing to Dismiss his convictions for failure to register (ECF No. 1, p. 22); (2) Ineffective Assistance of Counsel for advising him to plea guilty and failure to investigate (Id., p. 27); (3) Actual Innocence as a result of the vacation of the 1994 rape conviction (Id., p. 34);

## II. Discussion

The Respondent argues that the Petition should be dismissed because the Petitioner is no longer in custody and the court agrees. (ECF No. 30, p. 3).

A district court may entertain a habeas petition only if the petitioner is in custody pursuant to the judgment of a state court. 28 U.S.C. § 2254(a). Generally, the determination of

---

[2]It also appears that the Petitioner was sentenced at the same time on 2006-1257 (Hot Check Violation) to two years in ADC to run concurrent. (ECF No. 30-9, p. 5).

whether a petitioner is "in custody" depends on whether petitioner's freedom of liberty is restrained, and whether his freedom of movement rests in the hands of state officers. *See Hensley v. Mun. Ct.*, 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L. Ed.2d 294 (1973). In order for this requirement to be met, there must be a significant restraint imposed on one's liberty. *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973); *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); *Harvey v. State of South Dakota*, 526 F.2d 840 (8th Cir., filed Dec. 11, 1975).

The Petitioner was sentenced in CR-2005-744 to 60 months Suspended Imposition of Sentence on June 27, 2005. (ECF No. 30-2, p. 2). While a Petition to Revoke may have been filed it was never pursued and the time expired on this sentence in June 2010. The Petitioner was sentenced in CR-2006-1258 on December 14, 2006 to 24 months in prison and 48 months suspended. (ECF No. 1, p. 74). From the Petitioner's prison records it appears that he made parole on that charge on June 12, 2008 (ECF No. 30-9, p. 15) and it does not appear that he has had any parole action since then by the Arkansas Department of Correction. Even if the court were to assume that the 48 months suspended imposition was not to run until the Petitioner was released from prison (*See Chadwell v. State*, 80 Ark. App. 133 at 135) the time would have expired in June 2012. Regardless, since the Petition was not filed until July 2013, the time has expired on both cases prior to filing the 2254 motion.

The Petitioner was previously convicted in Arkansas and sentenced to the Arkansas Department of Correction in 1996 on Theft, Fraud and Possession of Drug Paraphernalia (ECF No. 30-09, p. 5-6) and in 1997 on Robbery, Theft, Burglary and Filing a False Report charges

(Id., p. 5). It also appears that the Petitioner served Federal times on other charges as well.  It cannot be said that there are any collateral consequences of his Failure to Register charges outside of the registration requirement.   The court notes, however,  that in November 2008 the Circuit Court of Sebastian County entered and order which provided that the Petitioner was no longer required to register as a sex offender in the State of Arkansas (ECF No. 1, p. 72). This was undoubtedly a result of the order entered in May 2008 which vacated the 1994 conviction for Rape. (ECF No. 1, p. 79)

*In Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 1926, 104 L. Ed.2d 540 (1989) (per curiam), the Supreme Court held that "once the sentence for a conviction has completely expired, an individual is not 'in custody' under that conviction for purposes of habeas corpus attack (and therefore a federal court has no jurisdiction)," even though the conviction was used to enhance a subsequent conviction. *Taylor v. Armontrout*, 877 F.2d 726, 726 (8th Cir.1989) (per curiam). *See also Flittie v. Solem*, 882 F.2d 325, 326-29 (8th Cir.1989) (en banc) (Beam, J., concurring).  Because the sentences imposed for the failure-to-register convictions that Wright challenges here had already expired when he filed his petition for habeas corpus relief on July 17, 2013, Wright is not" in custody" for the purposes of a habeas corpus attack on those convictions and the court is without jurisdiction to hear his Petition.

### III. Conclusion

Based on the above, I recommend that the Motion to Dismiss (ECF No. 29) be **GRANTED** and instant petition be dismissed.

For the reasons stated above the Petitioner's Motion for Reconsideration (ECF No. 26), Motion to Reproduce Documents (ECF No. 27) and Motion to Proceed IFP (ECF No. 28) are

**DENIED.**

The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

Dated this 10th day of April 2015.

>                           */s/ J. Marschewski*
>                           HONORABLE JAMES R. MARSCHEWSKI
>                           UNITED STATES MAGISTRATE JUDGE